UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON,<br><br>　　　　　Petitioner,<br>v.<br>JEANNE WOODFORD,<br>　　　　　Respondent. | Civil No. 06CV1758 JAH (NLS)<br><br>**ORDER (1) OVERRULING PETITIONER'S OBJECTIONS; (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND (3) DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner Travis Ray Thompson ("Petitioner) a prisoner appearing *pro se*, has filed a petition for writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. §636(b)(1) and CivLR HC.2. The Honorable Nita L. Stormes, United States Magistrate Judge, submitted a Report and Recommendation ("Report") on March 21, 2007, recommending that the instant Petition be denied in its entirety. Petitioner filed Objections to the Report on June 7, 2007. Respondent did not file a Reply to Petitioner's Objections. Having fully reviewed the matters presented, this Court **OVERRULES** Petitioner's Objections; **ADOPTS** the Report, and **DENIES** the Petition for writ of habeas corpus relief on the merits.

## BACKGROUND

On January 5, 2004, Petitioner was charged with assault with a deadly weapon by means likely to produce great bodily injury, a felony in violation of Cal. Penal Code section 245(A)(1). (Lodgment No. 1, Clerk's Tr. at 7). The information alleged that Petitioner personally used a deadly weapon, a razor and/or shank, in the commission of the offense and had two prior felony

convictions. (*Id*. at 8-9)

Petitioner was found guilty by a jury, which also made a true finding the Petitioner personally used a deadly weapon during the assault on a fellow inmate. On the same day, the trial court found it to be true that Petitioner had two prior serious felony convictions. (*Id.* at 521). On July 27, 2004, the trial court sentenced Petitioner to an indeterminate term of twenty-five years to life for the assault and a determinate term of five years for the prior serious felony convictions. (Lodgment No. 5, People vs. Thompson, No. D044829, slip op., at 18 (Cal. Ct. App. August 12, 2005.)

Petitioner appealed his conviction to the California Court of Appeal, Fourth Appellate District, Division One, raising the same claims as he presents before this Court, with the exception of ineffective assistance of counsel. Petitioner also filed a petition for habeas corpus on May 5, 2005. The petition was denied on June 20, 2005 for failing to state a prima facie case. (Lodgments Nos. 6 and 7). Petitioner's conviction was affirmed on August 12, 2005 (Lodgment No. 5). Petitioner's subsequent petition for review to the California Supreme Court was denied on November 16, 2005. (Lodgment No. 9, People v. Thompson, No. S137191, slip op (Cal. Nov 16, 2005.) A petition for review of the habeas filed on June 12, 2006, was denied on July 26, 2006. (Lodgment No. 15, In Re Thompson, No. S144233, slip op. (Cal. July 26, 2006).

Petitioner filed the current Petition for Writ of Habeas Corpus on August 28, 2006. (Doc. No. 1). Respondent filed an Answer on October 26, 2006. (Doc. No. 6). Petitioner filed a Traverse on February 27, 2007. (Doc. No. 14). Magistrate Judge Stormes Report recommending the instant Petition be denied in its entirety was filed on March 21, 2007. (Doc. No. 15). Petitioner filed his Objections to Report and Recommendation on June 7, 2007. (Doc. No. 19). No Reply to the Objections was filed.

Petitioner claims his federal constitutional rights were violated on four grounds: (1) ineffective assistance of counsel; (2) revocation by the trial court of his right to self-representation; (3) restriction of his evidence by the trial court; and (4) jury misconduct. (Doc. No. 15 at 11-12).

# DISCUSSION

## 1. Legal Standard

### a. Scope of Review of Magistrate Judge's Report and Recommendation

The District Court's role in reviewing a Magistrate Judge's Report and Recommendation is set forth in 28 U.S.C. § 636 (b)(1). Under this statute, the District Court "shall make a *de novo* determination of those portions of the report... to which objection is made," and "may accept, reject, or modify, in whole or part, the findings or recommendation made by the Magistrate Judge [judge]." It is well settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a District Court may adopt those parts of a Magistrate Judge's Report to which no specific objection is made, provided they are not clearly erroneous. Thomas v. An, 474 U.S. 140, 153 (1985).

### b. Scope of Review of Federal Habeas Petitions

Federal habeas review is granted only if the state court's denial of relief: (1) resulted in a decision that was either "contrary to," or was an "unreasonable application" of, "clearly established federal law" as set forth by the United States Supreme Court; or (2) was based on an "unreasonable determination" of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254.

## 2. Analysis

This Court's independent review of the record, the relevant lodgments presented by the parties and the Report (Doc. No. 15) reveals that the Magistrate Judge provided a cogent analysis of each of the four claims presented by Petitioner. After reviewing Petitioner's Objections, this Court finds that Petitioner does not specifically object to the procedural background of the federal or state proceedings (Doc. No. 15 at 1-3); to the lengthy and extensive transcript- supported "Underlying Facts" (*Id.* at 3-11); or to the standard of review (*Id.* at 12) utilized by the Magistrate Judge. The Petitioner's objections do not point to specific findings or conclusions in the Report, but instead, appear to be general objections to the Report's analysis and conclusions, making the same arguments previously made to the California Court of Appeal, Fourth Appellate District, Division One, case nos. D046375

(Lodgment 7)(habeas case) and D044829 (Lodgment 5) (assault conviction).

### a. Claim One - Ineffective Assistance of Counsel

Petitioner acknowledges that the United States Supreme Court law governing ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984). To provide a basis for habeas relief based on the claim of ineffective assistance counsel, the Petitioner must demonstrate two things.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

Petitioner claims that his "discriminatory prosecution claim was at the heart" of his defense. (Doc. No. 19 at 4). Petitioner contends that his appellate counsel was ineffective because he did not pursue this defense. (*Id.*) As the Magistrate Judge noted, Petitioner argues that the correctional officers fostered racial violence at the jail and that the charges against Petitioner were politically motivated. (Doc. No. 15 at 13-14). It is Petitioner's belief that Black inmates are prosecuted for incidents such as Petitioner was involved in, however Hispanic gang members are shielded from criminal prosecution for such actions. (*Id.* at 13). Petitioner claimed that he carried a razor, taped to some trial briefs, to protect himself. When Petitioner saw his cell door open he thought a fellow inmate handcuffed in another cell was going to attack him. Petitioner ran into the inmate's cell and assaulted him with the razor. Petitioner claimed he was acting in self-defense and had no choice but to attack the inmate because the guards were conspiring to have him murdered. (Lodgment No. 16, Reporter's Tr. at 1760-67; Doc No. 15 at 9-10).

Petitioner contends that there were additional issues and examples that his appellate counsel should have presented and the court should have considered. He also contended that the court was biased against Petitioner. However, Petitioner did not allege any facts, provide

any evidence to support these allegations or raise these claims in the state supreme court. Further, these claims were not specifically identified in the record.

The California Court of Appeal ("Court of Appeals") found that Petitioner did not make a prima facie showing for relief. Petitioner's allegations were found to be conclusory without explanation and Petitioner was not entitled to relief or an evidentiary hearing (a remedy Petitioner again seeks in his Objections filed with this Court, Doc. No. 19 at 12). (Lodgment No. 7, In re Thompson, slip op. at 1-2)  The Court of Appeals found that the only evidence Petitioner provided to support his political provocation claim were newspaper articles and editorials, which are not evidence. "Even if these documents were evidence, they do not support Thompson's claim." *Id.* at 2. The Magistrate Judge likewise found that Petitioner had not established the requisite prejudice flowing from appellate counsel's failure to present a discriminatory prosecution claim. (Doc. No. 15 at 17-18). The Court of Appeals's rejection of the claim was not an unreasonable application of Strickland. Accordingly this Court adopts the Magistrate Judge's findings and conclusions that Petitioner is not entitled to habeas relief as to his first claim.

b. **Claim Two - Revocation of Right to Self Representation**

The Magistrate Judge provided a thorough analysis of the contentions of both the Petitioner and Respondent relating to the claim that the trial court abused its discretion in revoking Petitioner's representation of himself during the trial. (Doc. No 15 at 18-19). The Magistrate Judge cited extensively from the opinion and analyses of the findings of the Court of Appeals.  The Court of Appeals found that the revocation of Petitioner's right of self representation near the end of the trial was a reasonable exercise of the trial court's discretion. *Id.* at 19-20.

Both Petitioner and Respondent cited the case of Faretta v. California, 422 U.S. 806 (1975) as establishing the governing law on the right to self-representation. Both acknowledge that the Supreme Court held that the Sixth Amendment implies a right to self-representation. Faretta, 422 U.S. at 819-21. However, Petitioner asserts that the prevailing law does not permit the trial judge to "terminate self-representation by a defendant who deliberately engages

in serious and obstructionist misconduct." Faretta, 422 U.S. at 834 n.46.

This Court, upon reviewing the record and relevant law, agrees with the Court of Appeals and Magistrate Judge, that the revocation of Petitioner's pro per status for directly and adamantly refusing to abide by the trial judge's rulings was a reasonable exercise of discretion. (Lodgment No. 5, People v. Thompson, slip op. at 6-8; Doc No. 15 at 20-22). Inmate Walker testified on behalf of Petitioner that Black inmates were treated unfairly because they were charged with misconduct but Hispanic inmates were not. (Lodgment No. 16 at 1544-45). The prosecutor elicited testimony from Walker regarding his plea of guilty to a felony assault on a correctional officer. (*Id*. at 1554). The trial court allowed some additional questions by Petitioner until he began questioning Walker as to how he had come to be charged with the assault. (*Id*. at 1556-57) The trial court ruled that Petitioner could not elicit further testimony from Walker because his conviction was admissible for impeachment only, was cumulative and irrelevant. (Id. at 1557-1560) Petitioner continued the questions. (Doc. No. 15 at 7-8) *(Id.* at 7-8). Finally, after a hearing, the judge revoked Petitioner's pro per status and standby counsel took over the defense. *(Id*. at 7-8, 21). The trial court allowed Petitioner to resume his pro per status and present closing arguments after the trial testimony was complete and Petitioner no longer had the ability to defy the trial's judge's rulings. (*Id*. at 21).

The Court of Appeals's ruling was neither contrary to nor involved an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts. Accordingly this Court adopts the Magistrate Judge's findings and conclusions that Petitioner is not entitled to habeas relief as to his second claim.

**c. Claim Three - Restriction of Evidence**

The Magistrate Judge's Report provides a thorough analysis of the restrictions on evidence which Petitioner claims deprived him of a fair trial. The Magistrate Judge's Report succinctly presents each contention by the Petitioner of evidentiary errors. This Court has thoroughly reviewed Report's ten pages of findings and conclusions on claim three, which are supported by the record, clearly established federal law, and the detailed findings made by the Court of Appeals. This Court finds that the report presents a well reasoned and cogent

analysis of the claim.

Although Petitioner discusses these claims, Petitioner merely generally objects to the findings of the trial court. (Doc. No. 19 at 7-10). An analysis of specific objections by Petitioner demonstrates that the trial court's rulings were not so prejudicial that they rendered Petitioner's trial fundamentally unfair. *See* Ortiz-Sandoval v. Gomez, 83 F.3d 891, 897 (9th Cir. 1996; Jammal v. Van de Kamp, 926 F2d 918, 919 (9th Cir. 1991). For example, Petitioner claims the trial court erred in ruling that the Petitioner's knowledge that the guards "had something to do with" the assaults was speculative. Petitioner failed to identify a basis for his contention that the ruling was erroneous or evinced a bias by the trial judge.

Petitioner argues he was denied adequate pretrial discovery such as access to records of guards and documents identifying any incidents during the prior three years where inmates were referred to the district attorney for prosecution. (Doc. No. 1, 6a, 8a). After nearly a year, a compromise was reached. Approximately three months of information was provided after a meeting between Petitioner and the prosecution. (Doc. No. 15 at 28). Petitioner claimed the information was not consistent with what was requested, but did not explain why the materials were deficient. (*Id*. at 28-29).

Petitioner contends that the trial court limited the length of a videotape Petitioner was allowed to show the jury of the assault by another inmate which prevented the jury from seeing blood on Petitioner's hands. (*Id*.) However, Petitioner failed to identify why the excluded portions of the video were relevant to his defense.

The Court of Appeals' ruling that Petitioner was not prejudiced by any of the trial court's rulings or comments was neither contrary to, or involved an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts. Accordingly this Court adopts the Magistrate Judge's findings and conclusions that Petitioner is not entitled to habeas relief as to his third claim.

**d. Claim Four - Jury Misconduct**

Petitioner claims jury misconduct which requires reversal. Similar to Petitioner's other claims, the Magistrate Judge's seven page opinion on this issue contains a cogent and

extensively supported statement of the Petitioner's position and Court of Appeals ruling and analysis. (Doc. No. 15 at 32-34). Petitioner contends that the jurors received evidence from other jurors that was not admitted during the trial. Specifically, one of the jurors was a former correctional officer and described the layout of the jail to the jurors. A second juror who had also been a correctional officer explained to the jury how the control panel in the jail worked. (Lodgment No. 1, Clerk's Tr. at 526-40).

The Magistrate Judge discussed and analyzed the Sixth Amendment right to trial by a jury established in Turner v. Louisiana, 379 U.S. 466, 472-73 (1965) and its progeny, and the effect of extrinsic information received by the jury during deliberation. In the case of first impression, United States vs. Vasquez, 597 F.2d 192 (9th Cir 1979), the Court held that "if there existed a reasonable possibility that the extrinsic material could have affected the verdict," a defendant is entitled to a new trial. (*Id.* at 193).

After reviewing the Magistrate Judge's analysis of the development of the law, the transcripts, and the Court of Appeals opinion and analysis, this Court adopts the Magistrate Judge's conclusion that the statements to the jurors in this case did not have a substantial or injurious effect or influence on the jury's verdict. The Petitioner has not shown that the Court of Appeals's finding of no prejudice was contrary to, or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts.

## CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ADOPTED** in its entirety, Petitioner's objections are **OVERRULED**, and the instant petition is **DENIED** in its entirety.

DATED: August 17, 2007

HON. JOHN A. HOUSTON
United States District Judge